## Pomerantz Estate

*David H. Wice,* for petitioner.
*Catherine R. Barone,* for respondent.

TREDINNICK, *J.*, September 12, 1983—On May 6, 1983, Austin Pomerantz and Girard Bank, executors of the Estate of Joan B. Pomerantz, filed a petition for authority to file a disclaimer on behalf of the decedent. A preliminary decree submitted therewith authorized the filing of the disclaimer and directed that a citation issue to interested parties, including the Department of Revenue, ". . . to show cause . . . why the renunciation or disclaimer ordered to be filed in the Estate of Lester Pomerantz, Deceased . . . should not be authorized and approved by Final Decree of this Court, nunc pro tunc." In accordance therewith disclaimers were actually filed with the clerk of the orphans' court, and in the office of the Recorder of Deeds in this county on May 13, 1983. Subsequently, the Department of Revenue entered an appearance, and a hearing was held. The matter is ready for disposition.

The factual background is relatively straightforward. Joan B. Pomerantz and her husband Lester Pomerantz died on October 20, 1982 in a common accident while driving in an automobile through the mountains of Yugoslavia. It is now clear that the order of their deaths cannot be established. The petitioners were appointed executors of both estates on November 15, 1982. Under the will of Lester

Pomerantz, Article Third bequeaths a marital deduction share of the estate to Joan Pomerantz, provided she survives him — and for this purpose she ". . .shall be deemed to have survived me unless it appears unmistakeably that she predeceased me. . . ." As is turned out, then, Joan must be deemed to have survived Lester. The residue of his estate is left in trust for Joan Pomerantz and their children on terms and conditions not important for present purposes. The Joan Pomerantz will leaves the residue of her estate in trust for her husband, if he survives her, and then for their children on terms and conditions identical to those contained in her husband's will.

It is apparent from the foregoing, that an effective disclaimer will have no effect upon either the rate or the amount of Pennsylvania inheritance tax in Lester's estate, but will exclude the bequest from Joan's estate, thus avoiding the imposition of tax on those assets therein. The executors further suggest that a disclaimer will have a beneficial effect upon Federal estate tax liability in the two estates.

Chapter 62 of the PEF Code,[1] added by Act No. 136, P.L. 562, effective July 9, 1976, deals with disclaimers. Section 6201[2] grants a general right to disclaim, and Section 6262[3] establishes the procedure by which fiduciaries may disclaim. The latter section states that:

"A disclaimer on behalf of a decedent . . . may be made by his personal representative . . . if the court having jurisdiction of the estate authorizes the disclaimer after finding that it is advisable and

---

1. Probate, Estates and Fiduciaries Code, 1972, June 30, P.L. 508, No. 164, 20 Pa. C.S.A. §101 et seq.

2. 20 Pa.C.S.A. (Supp.) 6201.

3. 20 Pa.C.S.A. (Supp.) 6202.

will not materially prejudice the rights of creditors, heirs or beneficiaries of the decedent . . ."

Section 6207[4] is also relevant, and provides:

"The provisions of this chapter do not . . . affect any additional requirements for a disclaimer to be effective for inheritance tax purposes or other purposes covered specifically in other statutory provisions."

The final statutory provision which must be considered is Section 406 of the Inheritance and Estate Act of 1961.[5] As pertinent here it provides:

"Renunciation of Transfer — When any person entitled to a distributive share of an estate, . . . renounces his right to receive the distributive share within three (3) months after the grant of letters, or within nine (9) months after the death of the decedent, whichever first occurs, receiving therefor no consideration, the tax shall be computed as though the persons who benefit by such renunciation were originally designated to be the distributees . . ."[6]

It is immediately apparent that the disclaimer conditionally filed under the preliminary decree on May 13, 1983 was not filed within the time limits set forth in this section. The three month period following the grant of letters ended on February 5, 1983, and the nine month period following date of death will expire on July 20, 1983. The earlier of those two dates — February 5, 1983 — was the last day on

---

4. 20 Pa.C.S.A. (Supp.) 6207.

5. 1961, June 15, P.L. 373 Art. IV, §406, 72 P.S. 2485-406.

6. Act No. 1982-255 has amended this section effective on the date of its enactment, December 13, 1982, to provide that renunciations normally may be filed within nine months of the date of death, or later in some circumstances. It applies only to estates of decedents dying on or after the effective date of the Act. 72 Pa.C.S.A. §1716(c).

which the filing of a disclaimer would comply with the time requirements of §406.

The statutory mandate is clear — in order to obtain the result set forth in Section 406 (that ". . . the tax shall be computed as though the persons who benefit by such renunciation were originally designated to be the distributees . . .") a disclaimer must be filed within the time limit therein set forth. There are no special circumstances present here which would suggest a contrary result. Cf. Grossman & Smith, Pennsylvania Inheritance and Estate Tax, 1971 Revision, §406-2.3. Therefore, the petitioner's request to allow the filing nunc pro tunc, as though filed within the Section 406 time limits, must be denied. Lieberman Estate, 1 Fid. Rep. 2d 281 (Allegheny Co. 1980).

May the disclaimer nevertheless be filed, even though late, and if so, what is its effect?

Under Section 6202 of the PEF Code, so long as the disclaimer will not materially prejudice creditors, heirs or beneficiaries, the right to file a disclaimer is clear. In the present case, there is no prejudice to such persons. Furthermore, Section 6207 does not say that a disclaimer may not be filed if it runs afoul of inheritance tax legislation; it simply says that if such occurs, it will not be effective for inheritance tax purposes. Section 406 of the Inheritance and Estate Tax Act of 1961 itself does not prohibit a late filed renunciation, it simply provides that it will not be recognized in the calculation of the inheritance tax.

Thus, inheritance tax assessed in Lester's estate will be calculated as though the assets bequeathed Joan were in fact to be distributed to her, although in this case, the result will be the same as if the dis-

claimer were valid for tax purposes, as the rate of tax is the same.

While it is probably premature, we cannot resist the opportunity to carry the matter to its logical conclusion and discuss the inheritance tax situation in Joan's estate. Section 406 is part of Article IV, which is captioned "Rate of Tax." It clearly speaks only of the tax implications of a timely filed disclaimer on the estate in which the interest disclaimed rests. It says nothing about the implications upon the estate of a deceased beneficiary who disclaims. Since the disclaimer is valid for all purposes except as limited by Section 406, and since the latter does not speak to the deceased beneficiary situation, the inheritance is not part of the deceased beneficiary's estate, and is not there taxable.

Accordingly, we enter the following

## DECREE NISI

And now, July 13, 1983, the petition of Austin Pomerantz and Girard Bank, Executors under the will of Joan B. Pomerantz, deceased, to authorize them to file with the Clerk of the Orphans' Court Division of the Court of Common Pleas of Montgomery County, and in the Office for the Recording of Deeds in and for Montgomery County, Pa., their renunciation or disclaimer of said decedent's interest in the Estate of Lester Pomerantz is granted, and said renunciation or disclaimer shall be considered filed as of May 13, 1983. The petition that said renunciation or disclaimer be considered as having been filed nunc pro tunc is denied.

Unless exceptions are filed hereto within ten days of service hereof, this decree shall become final as of course.